**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOSE ANGEL MARTINEZ,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv707**

**PAUL PERRY, *et al.*,**

**Respondents.**

# ORDER

This matter comes before the Court on Petitioner Jose Angel Martinez's Motion to Alter or Amend (the "Motion"). (ECF No. 13.) On July 31, 2026, this Court granted Mr. Martinez's Petition for Writ of Habeas Corpus and directed Respondents to provide Mr. Martinez with a bond hearing before an immigration judge within twenty-four hours, during which Respondents would bear the burden of proof. (ECF No. 9, at 1–2.) The Court directed Respondents to file a status update within three days of the immigration court's bond hearing, and informed the parties that "[u]nless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that this case be closed." (ECF No. 8, at 2 (capitalization omitted).)

On August 5, 2026, Respondents notified the Court that the immigration court timely held its bond hearing, during which it found by clear and convincing evidence that Mr. Martinez posed a danger to the community and a risk of flight. (ECF No. 10, at 1.) On August 19, 2026, this Court directed the Clerk to close the case. (ECF No. 11.)

On August 20, 2026, Mr. Martinez filed the instant Motion. (ECF No. 13.) In the Motion, Mr. Martinez moves this Court under Federal Rules of Civil Procedure 59(e) and 60(b)

to reopen the instant matter "for the limited purpose of enforcing the July 31, 2026 Order." (ECF No. 13, at 2.) Mr. Martinez contends that the bond hearing "did not comply with the terms th[is] Court set," in that the "Immigration Judge recited the clear-and-convincing burden on the record, then decided the case without applying it, resolving flight risk by weighing the evidence Mr. Martinez himself submitted, and the written order denying bond identifies no supporting evidence." (ECF No. 13, at 1–2.) Mr. Martinez submits that he "does not ask the Court to revisit the merits of its July 31 ruling, and he does not seek review or reweighing of the Immigration Judge's bond decision. He asks only whether the process the Court ordered was supplied, and asks the Court to enforce its Order." (ECF No. 13, at 2.)

The Court DIRECTS the Clerk to reopen the case.

The Court ORDERS Respondents to respond to the Motion within seven (7) days of entry hereof. The Court FURTHER ORDERS that Petitioner IS NOT to be removed or transferred from this district for any reason without this Court's permission until the Court has ruled on the Motion. If Petitioner has already been removed or transferred from this district, it is ORDERED that Petitioner IS NOT to be removed or transferred again without this Court's permission until the Court has ruled on the Motion.

It is SO ORDERED.

Date: 8/24/26
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
Chief United States District Judge